**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

===================================
CHAYA KOHN individually and
on behalf of all others similarly situated


Plaintiff,


-against-


PORTFOLIO RECOVERY ASSOCIATES, L.L.C.


Defendant.

===================================

**CLASS ACTION COMPLAINT**

*I.     Introduction*

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

1.     Plaintiff Chaya Kohn brings this action to secure redress from unlawful collection practices engaged in by Defendant Portfolio Recovery Associates, L.L.C.

2.     Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

3.     The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II.    Parties

4.      Plaintiff is a citizen of the State of New York who resides within this District.

5.      Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

6.      Upon information and belief, Defendant's principal place of business is located in Norfolk, Virginia.

7.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III.    Jurisdiction and Venue

9.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV.    Allegations

11.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

12.     On or about September 9, 2016, Portfolio Recovery Associates, L.L.C. sent a collection letter to the Plaintiff Chaya Kohn. (see attached exhibit)

13.     The said letter was the Defendant's initial communication with the Plaintiff.

14.     The said September 9, 2016 letter stated in pertinent part as follows: "**DISPUTES CORRESPONDENCE ADDRESS:** PORTFOLIO RECOVERY ASSOCIATES, LLC, Disputes Department 140 Corporate Boulevard, Norfolk, VA 23502. or E-Mail: PRA_Disputes@portfoliorecovery.com." (Emphasis in original.)

15.     Said September 9, 2016 letter misrepresented the Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692g.

16.     Although Defendant's September 9, 2016 letter includes a telephone number, that number refers only to payments.

17.     Defendant's statement would lead an unsophisticated consumer to assume that his or her option to dispute the debt, could only be in writing.

18.     It is a violation of FDCPA to require disputes be made in writing.

19.     It is a violation of the FDCPA to include language in a letter that overshadows the required 15 U.S.C. § 1692g statement.

20.     It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g statement.

21.     An unsophisticated consumer would assume from the above mentioned language, that he has no option to make an oral dispute.[1]

22.     This language overshadowed and contradicted the validation notice

---

[1] *Balke v. Alliance One Receivables Mgmt.*, No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017); *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. N.Y. 2013) (Requiring a consumer to dispute a debt in writing violates the FDCPA.); *Zengerle v. Dynia & Assocs.*, 2013 U.S. Dist. LEXIS 130873 (M.I. 2013) (Defendant points out that the letter does not expressly state that the consumer must provide a written statement to dispute the debt, but only that the consumer must "provide us with a statement." Viewing the language from the perspective of the least sophisticated consumer, however, "provide us with a statement" suggests that a writing is necessary and that the consumer may not orally dispute the debt.)

stated above it in the letter, and was misleading, since it leaves the consumer debtor with the false notion that disputing an alleged debt requires a <u>written</u> communication to be sent to the above mentioned address.  An unsophisticated consumer would think that all disputes can only be done in writing.[2]

23.    Said language can be reasonably read to have two or more different meanings, one of which is inaccurate.[3]

24.    Defendant's September 9, 2016 letter violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4) for failing to comply with the validation notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt.

25.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

26.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

27.    The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

28.    The Plaintiff alleges and avers that Defendant violated the Plaintiff's right

---

[2] See e.g., *Caprio v. Heathcare Revenue Recovery Group, LLC*, 709 F.3d 142, 151 (3d Cir. 2013) (letter stating "if you feel you do not owe this amount, please call us toll free" overshadowed notice; consumer may believe that a phone call was sufficient to trigger duty to verify debt); *Abramov v. I.C. Systems, Inc.*, _ F.Supp.3d_, 2014 WL 5147549 at *5 (E.D.N.Y Oct. 14, 2014) (Directing consumer to dispute debt "in writing" if identity theft is suspected may overshadow right to verbally dispute debt); *Oberther v. Midland Credit Management, Inc.*, _F.Supp.3d_, 2014 WL 4548871, at *6 (D. Mass. Sept. 15, 2014) (letter that gave only two options to stop referral of account to attorney – mail payment, or call to settle – without mentioning that submitting a dispute would also do so, overshadowed validation notice.)

[3] *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

to a truthful and fair debt collection process.

29.     The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

30.     The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

31.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

32.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

33.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## V.    Class Allegations

34.    This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35.    The identities of all class members are readily ascertainable from the records of Portfolio Recovery Associates, L.L.C. and those business and governmental entities on whose behalf it attempts to collect debts.

36.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Portfolio Recovery Associates, L.L.C., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

37.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

38.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

39.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

40.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

41.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

42.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43.     Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

44.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### VI.    Cause of Action

45.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.    This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

> a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;
>
> b) the collection letter was sent to a consumer seeking payment of a personal debt;
>
> c) the collection letter was not returned by the postal service as undelivered;
>
> d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4) for failing to comply with the validation notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt.

### VII.    Violations of the Fair Debt Collection Practices Act

47.    The Defendant's actions as set forth above in the within complaint violates the FDCPA.

48.    Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

49.    As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to

preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### VIII.    Jury Demand

50.    Plaintiff demands a trial by jury.

### IX.    Prayer for Relief

51.    Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    1)   Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

    2)   Attorney fees, litigation expenses and costs of suit;

    3)   An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

    4)   Such other and further relief as the Court deems proper.

Dated:Brooklyn, New York
September 6, 2017


/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

PRA001-0908-774945498-00018-18

# Portfolio Recovery Associates, LLC

September 9, 2016

**Seller:** U.S. BANK NATIONAL ASSOCIATION
**Original Creditor:** U.S. BANK NATIONAL ASSOCIATION
**Original Account Number:** ▓▓Redacted▓▓2088
**Creditor to Whom Debt is Owed:** PORTFOLIO RECOVERY ASSOCIATES, LLC
**Account Number:** ▓▓Redacted▓▓2088
**Last Payment Date or Default Date:** 11/12/2015

**Total Amount of Debt Due at charge-off:** $7,942.37
      **Total Amount of Transactions since Charge Off:**
            **Interest:** $0.00
            **Non-Interest Charges/Fees or Balance Adjustments:** $0.00
            **Payments:** $0.00
**Total Now Due:** $7,942.37

CHAYA KOHN,

Welcome to Portfolio Recovery Associates, LLC ("PRA, LLC")! We want to help you resolve this account, so call us at 1-800-772-1413 for low payment options. If paying off this debt is difficult for you please call anyway, because we have payment options for almost every budget.

PRA, LLC purchased account 4147808565182088 on 08/25/2016. All future payments and correspondence for this account, including credit counseling service payments, should be directed to: Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA 23541. *Please call Lucy C Narrow TOLL FREE at 1-800-772-1413* to discuss payment arrangements.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**This communication is from a debt collector and is an attempt to collect a debt.**
**Any information obtained will be used for that purpose.**
NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION                    001

---

DEPT 922 ▓▓Redacted▓▓097
PO BOX 4115
CONCORD CA 94524

Account Number: ▓▓Redacted▓▓2088

ADDRESS SERVICE REQUESTED

Payment Amount: _____

#BWNFTZF #▓▓Redacted▓▓6097#

CHAYA KOHN
▓▓ Redacted ▓▓

001
PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. Box 12914
Norfolk VA 23541

Re: Account Number: **Redacted** 2088

*Debt collectors*, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

  i. The use or threat of violence;
  ii. The use of obscene or profane language; and
  iii. Repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony), or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

| Mail all checks and payments to: | Hours of Operation (EST): |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC<br>PO Box 12914<br>Norfolk, VA 23541<br>**Pay us online:**<br>www.portfoliorecovery.com | 8 AM to 11 PM Mon.-Fri.<br>8 AM to 8 PM Sat.<br>11 AM to 10 PM Sun.<br>**E-Mail**<br>help@portfoliorecovery.com |

**DISPUTES CORRESPONDENCE ADDRESS:** PORTFOLIO RECOVERY ASSOCIATES, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502 or E-Mail: PRA_Disputes@portfoliorecovery.com

**COMPANY ADDRESS:** PORTFOLIO RECOVERY ASSOCIATES, LLC, 120 Corporate Boulevard, Norfolk, VA 23502

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. - Fri. 8 AM to 5 PM (EST)**
Not happy with the way you were treated?  Our company strives to provide professional and courteous service to all our customers.  Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.

**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we received from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** If this account is eligible to be reported to the credit reporting agencies by our company, we are required by law to notify you that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

We are required under state law to notify consumers of the following rights.  This list does not include a complete list of rights consumers have under state and federal laws:

**NEW YORK CITY:** City of New York License Numbers 1096994, 1394695, 1394697, 1394696, 1394698, 1394700, 1394699, 1394694.